IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-CT-3065-FL

| | |
|---|---|
| ALFRED MILLER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| NEW HANOVER COUNTY, ) | |
| Defendant. ) | |

The matter is before the court on plaintiff's failure to file his action on the proper form, as well as plaintiff's motion to appoint counsel (DE # 7). Also before the court is defendant New Hanover County's ("defendant") motion to strike (DE # 8). Defendant did not respond to plaintiff's motion, but plaintiff responded to defendant's motion. In this posture, the matters are ripe for adjudication.

The court first addresses plaintiff's motion to appoint counsel. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a *pro se* litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Because plaintiff's claim is not complex, and where he has demonstrated through the detail of his filings he is capable of proceeding *pro se*, this case is not one in which exceptional

circumstances merit appointment of counsel. Therefore, plaintiff's motion to appoint counsel (DE #7) is DENIED.

The court now turns to defendant's motion to strike plaintiff's discovery requests. In the alternative, defendant requests an extension of time to answer "certain requests for admissions served by plaintiff . . . until after the entry of a scheduling order by this Court." (DE # 8 p. 1.) Federal Rule of Civil Procedure 26(d) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[1] . . . or by court order." This court has not yet issued a scheduling order in this action. Thus, defendant's request for an extension of time to answer plaintiff's discovery requests until after the court issues its scheduling order (DE # 8) is GRANTED.

Finally, the court addresses plaintiff's failure to file his action on the appropriate form. The Clerk of Court is DIRECTED to provide a copy of the appropriate form to plaintiff. Plaintiff must complete the form in its entirety, and file it (the original) and two copies with the Clerk. Plaintiff is DIRECTED to return the form, in accordance with these instructions, within fourteen (14) days of the filing of this order. Failure to comply with this order may result in dismissal of this action without prejudice.

SO ORDERED, this the 8th day of June, 2012.

LOUISE W. FLANAGAN
United States District Judge

---

[1] While Rule 26(f)(1) requires parties to confer in many situations, cases such as this one are exempted from the Rule's requirement of a preliminary scheduling conference. Fed.R.Civ.P. 26(f)(1) (exempting those actions not required to provide certain initial disclosures pursuant to Rule 26(a)(1) from the requirement of conducting a preliminary scheduling conference); see Fed.R.Civ.P. 26(a)(1)(B)(iv) (exempting from initial disclosure requirements those actions "brought without an attorney by a person in the custody of the United States, a state, or a state subdivision.")